Patrick J. Corbett (PC 2076)
RUBIN, FIORELLA & FRIEDMAN, LLP
292 Madison Avenue
New York, New York 10017
Telephone: (212) 953-2381
Facsimile: (212) 953-2462
pcorbett@rubinfiorella.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
IN THE MATTER OF THE COMPLAINT OF
CONSTITUTION STATE SERVICE LLC,

Plaintiff,

-against-

DNA GALLERY, LLC,

Defendant.

Docket No.: 08CV1005

**ANSWER TO**
**COUNTERCLAIM**

Plaintiff, CONSTITUTION STATE SERVICE LLC, by and through its attorneys, RUBIN,

FIORELLA & FRIEDMAN LLP, as and for its Answer to the Counterclaim of Defendant DNA

Gallery, LLC, upon information and belief, as follows:

1.    Denies knowledge and information sufficient to form a belief as to the truthfulness

of the allegations contained in paragraph of the Counterclaim designated "1".

2.    Denies the allegations contained in the paragraph of the Counterclaim designated

"2."

3.    Admits that the parties are presently before this Court pursuant to the policy of

insurance, attached as Exhibit "A" to complaint, and denies knowledge and information sufficient

to form a belief as to the truthfulness of the remaining allegations contained in the paragraph of the

Counterclaim designated "3".

4.    Admits that Centennial Insurance Company, is an insurance company organized under the law of the State of New York, and that, on or about May 1, 2003, it issued an insurance policy (annexed as Exhibit "A" to complaint) to DNA Gallery, among others, for a period of 12 months commencing on May 1, 2003, and denies knowledge and information sufficient to form a belief as to the truthfulness of the remaining allegations contained in the paragraph of the Counterclaim designated "4".

5.    Admits the allegations contained in the paragraph of the Counterclaim designated "5".

6.    Admits the allegations contained in the paragraph of the Counterclaim designated "6".

7.    Denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph of the Counterclaim designated "7".

8.    Denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph of the Counterclaim designated "8".

9.    Denies each and every allegation contained in the paragraph of the Counterclaim designated "9".

10.    Repeats, reiterates and realleges each and every allegation contained in the paragraphs designated "1" through "9" in this answer to the Counterclaim, as if set forth herein, in answer to the paragraph of the Counterclaim designated "10".

11.    Admits the premises at 551 Tremont Street, Boston, MA was an insured location under the policy attached as Exhibit "A" to the complaint, and denies knowledge and information sufficient to form a belief as to the truthfulness of the remaining allegations contained in the

2

paragraph of the Counterclaim designated "11".

12.     Denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph of the Counterclaim designated "12".

13.     Denies each and every allegation contained in the in paragraph of the Counterclaim designated "13".

14.     Denies each and every allegation contained in the in paragraph of the Counterclaim designated "14".

15.     Denies each and every allegation contained in the in paragraph of the Counterclaim designated "15".

16.     Denies each and every allegation contained in the in paragraph of the Counterclaim designated "16".

17.     Repeats, reiterates and realleges each and every allegation contained in the paragraphs designated "1" through "16" in this answer to the Counterclaim, as if set forth herein, in answer to the paragraph of the Counterclaim designated "17".

18.     Denies each and every allegation contained in the in paragraph of the Counterclaim designated "18".

19.     Denies each and every allegation contained in the in paragraph of the Counterclaim designated "19".

20.     Denies each and every allegation contained in the in paragraph of the Counterclaim designated "20".

21.     Denies each and every allegation contained in the in paragraph of the Counterclaim designated "21".

## AS AND FOR A FIRST SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE

22.    The Counterclaim fails to state a cause of action over this Plaintiff.

## AS AND FOR A SECOND SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE

23.    Any damages or loss allegedly suffered herein by Defendant resulted acts and/or omissions of certain other parties for whose conduct this Plaintiff is not responsible.

## AS AND FOR A THIRD SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE

24.    Defendant failed to join an indispensable party.

## AS AND FOR A FOURTH SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE

25.    If the Defendant sustained any loss or damage alleged in the Counterclaim, then, upon information and belief, such loss or damage was not the result of any breach or tortious act by Plaintiff, but was caused in whole or in part by the acts, neglect, contributory negligence, carelessness, and/or Defendant's assumption or risk and culpable conduct of the Defendant or his agents, servants, or employees, and this Plaintiff is therefore entitled to dismiss or reduction of any recovery had by the Defendant's proportion which the culpable conduct attribute to the Defendants bears to the culpable conduct which caused the damages complained of.

## AS AND FOR A FIFTH SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE

26.    Defendant has failed to mitigate its damages, if any, and recovery, if any, must be reduced accordingly.

4

## AS AND FOR A SIXTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE

27.     Upon information and belief, the liability of this Plaintiff, if any, which is

denied, is in all events subject to and limited by, the laws of the State of New York, and the

terms and conditions of and/or applicable provisions of the applicable policy of insurance, the

New York Civil Practice Law or Rules, the New York Uniform Commercial Code, and all other

legislation limiting liability, providing for the filing of claims, and requiring that a suit be

commenced withing a specified period of time.

## AS AND FOR A SEVENTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE

28.     To the extent that Defendant has made claims and has received payments from

other sources with respect to the damages as alleged in plaintiff's complaint, the Defendant is not

entitled to recover such amounts from this Defendant.

## AS AND FOR A EIGHTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE

29.     This Defendant took all necessary measures, or it was impossible to do so, to

avoid the loss alleged in the complaint, and heretofore this defendant is not liable to plaintiff.

## AS AND FOR A NINTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE

30.     The Counterclaim for damages fails as matter of law to state any ground upon

which relief should be granted.

5

## AS AND FOR A TENTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE

31.     That any delay in the settlement of the claim as described in the Counterclaim and the Complaint, was not due to any fault of Plaintiff or Defendant's insurer, but due solely to the failure of cooperation by Defendant and Defendant's counsel, in the investigation, adjustment, evaluation, and negotiation of the Claim and value thereof.

## AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE

32.     That due to Defendant's failure to properly describe how, when and where the loss occurred; failure to cooperate in the investigation of the claim; failure to take reasonable steps to protect the property of the Claims from the damages; failure to segregate and set aside the damaged property for inspection; and failure make a timely demand for appraisal and umpire; the Plaintiff was and still is unable to value the claim.

## AS AND FOR A TWELFTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE

33.     As the claim herein has not been denied or declined, the Counterclaim is not ripe for adjudication, and, pursuant to Fed. R. Civ. P. Rule 13 (a), the Counterclaim is not a compulsory Counterclaim, as the subject matter of the Petition is merely for selection of an umpire.

## AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE

34.     Massachusetts General Laws, Chapter 93A, and Chapter 17 GD, Section 3(a) are not applicable to this claim for coverage under the policy, nor are they the applicable or

6

controlling law in this action in this jurisdiction.

WHEREFORE, Plaintiff CONSTITUTION STATE SERVICE LLC, respectfully requests:

(a)    That the ultimate rights of this plaintiff and defendant, as between themselves, regarding selection of any umpire for valuation of the claim, be determined;

(b)    Declaratory judgment naming an umpire for valuation of the claim;

(c)    Dismissal of the Counterclaim;

(d)    Such other and further relief as the Court may deem just and proper.

WHEREFORE, it is respectfully requested that this Court appoint an umpire to value the claim pursuant to the policy herein, and dismiss the Counterclaim of Defendant in its entirety, with costs disbursements and attorney fees, and for such other and further relief as to this Court seems just and reasonable.

DATED:    New York, New York
          April 7, 2008

Respectfully submitted,

RUBIN, FIORELLA & FRIEDMAN, LLP

_____
Patrick J. Corbett (PC 2076)
Attorneys for Plaintiff
TRAVELERS INSURANCE COMPANY
292 Madison Avenue, 15th Floor
New York, New York 10017
Telephone:  (212) 953-2381
Facsimile:   (212) 953-2462
Pcorbett@rubinfiorella.com

7

8

To:    Andrew D. Epstein, Esq.
       Barker Epstein & Loscocco
       10 Winthrop Sq. Ste. 2
       Boston, MA 02110-1264

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

Cheryl Zaltsman, being duly sworn, deposes and says that I am not a party to this action, am over 18 years of age and reside in Brooklyn, New York.

On April 7, 2008, I served the within **ANSWER TO COUNTER-CLAIM** upon:

Andrew D. Epstein, Esq.
Barker Epstein & Loscocco
10 Winthrop Sq. Ste. 2
Boston, MA 02110-1264

in this action at the address designated by said attorney(s) for that purpose by depositing the enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Cheryl Zaltsman

Sworn to before me this
7th day of April, 2008

_____
Notary Public

PATRICK J. CORBETT
Notary Public, State of New York
Reg. No 02CO6118029
Qualified in Westchester County
My Commission Expires November 1, 20__

Patrick J. Corbett (PC 2076)
RUBIN, FIORELLA & FRIEDMAN, LLP
292 Madison Avenue, 15th Floor
New York, New York 10017
Telephone: (212) 953-2381
Facsimile: (212) 953-2462
pcorbett@rubinfiorella.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
IN THE MATTER OF THE COMPLAINT OF
CONSTITUTION STATE SERVICES LLC,

Plaintiff,

-against-

DNA GALLERY, LLC,

Defendant.

Docket No.: 08CV1005

# ANSWER TO COUNTER-CLAIM

RUBIN, FIORELLA & FRIEDMAN LLP
*Attorneys for Defendant/Third-Party Plaintiff*
292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381
**Our File No. 436-9858**

To:

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated:

_____
Attorney(s) for

**PLEASE TAKE NOTICE**

___ **Notice of Entry**

that the within is a (certified) true copy of a
of the within named Court on                    , 2002.                    duly entered in the Office of the Clerk

___ **Notice of Settlement**

that an order of which the within is a true copy, will be presented for settlement to the
HON.          , one of the judges of the within named Court,                    on
2007 at ___.m.

Dated:

Yours, etc.,

RUBIN, FIORELLA & FRIEDMAN
LLP

*Attorneys for Defendant/Third-Party Plaintiff*
292 Madison Avenue, 11th Floor
New York, New York 10017    (212) 953-2381

To:

Attorney(s) for